UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HERBERT LEE,

        Petitioner,

vs.                            Case No. 3:13-cv-1027-J-39PDB

SECRETARY, DOC, et al.,

        Respondents.

## ORDER

### I.  STATUS

Petitioner Herbert Lee challenges a 2006 (Duval County) conviction for robbery and burglary of a structure/conveyance. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1. In the Petition he filed on August 16, 2013, he raises four grounds: (1) the trial court improperly denied his challenges for cause and requests for additional peremptory challenges, in violation of the Sixth and Fourteenth Amendments; (2) the trial court improperly imposed an habitual felony offender enhancement without a jury determination, in violation of the constitutional right to due process of law pursuant to the Fifth and Fourteenth Amendments; (3) the trial court improperly imposed a prison releasee reoffender sentence and a fifteen-year minimum mandatory term without a jury determination, in violation of the Fifth, Sixth, and Nineteenth Amendments; and (4) trial counsel provided ineffective assistance based on counsel's failure to inform Petitioner concerning his right to

testify at trial, in violation of the Fifth, Sixth, and Fourteenth Amendments.  Id. at 5-11.

Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus (Response) (Doc. 9). In support of the Response, they submitted Exhibits to Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 9).[1]  Petitioner filed a Reply to the Respondents' Response (Reply) (Doc. 23). See Order (Doc. 5).  No evidentiary proceedings are required in this Court.

Respondents contend that Petitioner has failed to comply with the limitations period. They calculate that the Petition is untimely filed. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

---

[1] The Court hereinafter refers to the exhibits contained in the Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In reviewing the timeliness of the Petition, the Court will provide a brief procedural history. Petitioner was charged by second amended information with robbery, burglary (structure/conveyance), escape, and possession of cocaine. Ex. 3 at 34-35. The state proceeded to trial on the robbery and burglary charges. Ex. 5 at 5-6. A jury returned a verdict of guilty as to counts both counts. Ex. 6 at 360-61; Ex. 7. The state nol prossed counts three and four. Ex. 9B at 146. On November 1, 2006, the trial court sentenced Petitioner as an habitual felony offender and a prison releasee reoffender to twenty years in prison with a

fifteen-year minimum mandatory provision on count one. Id. at 148-49. The court also sentenced him to a concurrent term of ten years imprisonment as an habitual felony offender on count two. Id. at 149-50.

On November 13, 2006, Petitioner appealed. Ex. 12; Ex. 15A; Ex. 15B. The state answered. Ex. 16. Petitioner replied. Ex. 17. On January 18, 2008, the First District Court of Appeal affirmed per curiam. Ex. 18. The mandate issued on February 5, 2008. Id. The conviction became final on April 17, 2008 (90 days after January 18, 2008) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The statute of limitations period began to run on April 18, 2008, and ran for 61 days, until Petitioner filed a pro se petition for writ of habeas corpus in the First District Court of Appeal on Wednesday, June 18, 2008. Ex. 19. On July 10, 2008, the First District Court of Appeal per curiam denied the petition on its merits. Ex. 20. This post conviction motion tolled the limitations period through the expiration of the fifteen-day period to seek rehearing, Friday, July 25, 2008. Rule 9.330(a), Fla. R. App. P. At this point, there were 304 days remaining in the one-

year limitations period.[2]  The limitations period began to run again on July 26, 2008, and expired 304 days later on Tuesday, May 26, 2009.[2]

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.  The Court recognizes that the AEDPA "limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)).  There is a two-pronged test for equitable tolling, and it requires a petitioner to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see

---

[2] Because Petitioner's limitations period included a year with a leap-day (2008), the Court gives Petitioner the benefit of this leap day.

[2] The Rule 3.850 motion for post conviction relief, filed on May 27, 2009 pursuant to the mailbox rule, did not toll the federal one-year limitations period because it had already expired on May 26, 2009.  Ex. 21.  See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Petitioner, in his Reply, asserts there were extraordinary circumstances for purposes of equitable tolling. Reply at 3-4. He urges this Court to find that he is entitled to equitable tolling because he did not understand his federal rights and did not have private counsel to file his post conviction motions, but relied on inmates to assist him in drafting his pleadings and completing his state court remedies.  Reply at 4.  The Court finds Petitioner's entire argument unavailing.

Of import, Petitioner bears the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).  Indeed,

> "circumstances warranting equitable tolling" do not include restricted access to a law library. Miller v. Florida, 307 Fed. Appx. 366, 368 (11th Cir. 2009) (citing Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000); see also Paulcin v. McDonough, 259 Fed. Appx. 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."); Coleman v. Mosley, 2008 WL

>> 2039483 at *3 (M.D. Ala. May 12, 2008) ("Petitioner'[s] *pro se* status, ignorance of the law, limited law library access, and lack of legal assistance are insufficient grounds on which to toll the limitation period.").

<u>Couch v. Talladega Circuit Courts</u>, No. 1:11-cv-1737-JFG-MHH, 2013 WL 3356908, at *5 (N.D. Ala. July 3, 2013).

In this instance, no extraordinary circumstances stood in Petitioner's way and prevented him from timely filing his Petition. He has not met the burden of showing that equitable tolling is warranted. Also, Petitioner did not exercise due diligence as he did not diligently pursue his state court remedies after the First District Court of Appeal denied his state habeas petition. Instead, he allowed the remaining 304 days to run and his limitations period to expire by failing to properly file an application for state post-conviction or other collateral review within the one-year limitations period.

In response, Petitioner claims he was not "'asleep' on his rights," but just "did not fully understand all of the procedural rules and limitations that could adversely affect him invoking said rights." Reply at 5. While the Court recognizes that the lack of a formal education presents challenges, it does not excuse Petitioner from complying with the time constraints for filing a federal petition. <u>Moore v. Bryant</u>, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (not reported in F.Supp.2d) (Report and Recommendation), <u>report and recommendation adopted by</u> the District Court on March 14, 2007. Simply, pro se

representation alone is not a meritorious excuse and is insufficient to warrant equitable tolling. <u>Johnson v. United States</u>, 544 U.S. 295, 311 (2005).

The Court finds that Petitioner has not shown that he is entitled to extraordinary relief. Under these circumstances, the Court is not persuaded that Petitioner acted diligently. Equitable tolling is a remedy that should be used sparingly, and Petitioner has failed to show that he exercised due diligence.

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted. <u>See Cadet</u>, 742 F.3d at 477 ("equitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'") (quoting <u>Hunter v. Ferrell</u>, 587 F.3d 1304, 1308 (11th Cir.2009) (quotation marks omitted)). Additionally, Petitioner had ample time to exhaust state remedies and prepare and file a federal petition.

In conclusion, the Court finds Petitioner fails to demonstrate he is entitled to equitable tolling.[3]  Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition and the case are **DISMISSED with prejudice**.

2.   The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3.   The **Clerk** shall close the case.

4.   If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[4]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions

---

[3] In his grounds for habeas relief, Petitioner contends that his trial was fundamentally unfair because the jury never heard his voice, the trial court erred in denying his request for additional challenges for cause, and the trial court improperly sentenced him as a habitual felony offender and prison releasee reoffender. Reply at 5.  He does not, however, claim actual innocence, see Petition & Reply, and he has failed to demonstrate that he has new evidence establishing actual innocence.

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of July, 2016.

                                                    _____
                                                    BRIAN J. DAVIS
                                                    United States District Judge

sa 7/11
c:
Herbert Lee
Counsel of Record